**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Watson, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Roy Peck, et al.,<br><br>　　　　　Defendants. | No. CV-25-08034-PCT-DGC<br><br>**ORDER** |

Plaintiffs Eric and Sarah Watson brought this lawsuit against Defendants Roy Peck and Michael Boatman. Doc. 12. Defendant Roy Peck moves to dismiss for failure to state a claim and lack of subject matter jurisdiction. Doc. 24. The motion is fully briefed. Docs. 12, 24, 27, 30. For the reasons stated below, the Court will grant Defendant's motion.

**I.    Background.**

Plaintiff Eric Watson owned property located at 1898 Surf and Sand Drive, Bullhead City, Arizona (the "Property"). Doc. 24-1 at 3. In 2013, Plaintiff conveyed the Property to Defendants Roy Peck and Michael Boatman through a seller-financed loan. *Id.* In 2016, a dispute arose about the outstanding loan balance. *Id.* Unable to resolve the matter, Plaintiff brought suit in 2019 against Defendants in Arizona state court, claiming they breached the land sale contract and requesting quite title, specific performance, declaratory relief, and damages for unjust enrichment. *Id.* at 2, 4-6.[1] That lawsuit culminated in a

---

[1] Specifically, Plaintiff Eric Watson claimed Defendants were unjustly enriched through renting the Property to a third party after breaching the land sale contract, and he requested both a declaration of his interest in the Property and specific performance of Defendants obligation to convey the Property to him. *Id.* at 5-6.

settlement conference on May 26, 2021, in which Defendants agreed to transfer a sum of $13,000 to Plaintiff within 30 days and, upon payment, Plaintiff agreed to convey title to the Property to Defendants. Doc. 24-2 at 2. Defendants attempted to make payment to Plaintiff, who denied entering a settlement and demanded a jury trial. Doc. 24-3 at 2-3. At a subsequent status conference, the Court acknowledged that a valid and binding settlement had been reached between the parties and ordered enforcement of its terms. Doc. 24-3 at 4. That order was affirmed by the Arizona Court of Appeals. Doc. 24-6 at 6.

Dissatisfied with the outcome of his state court case, Plaintiff filed this suit with co-Plaintiff Sarah Watson in the Western District of Washington, which was transferred the case to this Court on February 13, 2025. Docs. 10, 12. Plaintiffs allege Defendants failed to comply with the post-settlement court order and were unjustly enriched,[2] and they seek a declaration that Plaintiff Eric Watson is entitled to ownership of the Property. Doc. 12 at 5-6. Defendant Peck filed a motion to dismiss, arguing that Plaintiffs' claim is barred under res judicata and, separately, that the Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine. Doc. 24. This Court ordered Plaintiffs to show cause as to why Defendant Boatman should not be dismissed for failure of service. Doc. 26.

**II.   Legal Standard.**

"Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Separately, Rule 12(b)(6) warrants dismissal when the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

---

[2] Plaintiffs' unjust enrichment claim arises from the same contention that Defendants' rented the Property to a third party. Doc. 12 at 5-6.

- 2 -

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court treats all allegations of material fact in the complaint as true and construes them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

### III. Motion to Dismiss.

Defendant Peck argues Plaintiffs' claims are barred under the doctrine of res judicata because they attempt to relitigate the Arizona lawsuit brought by Plaintiff Eric Watson, an individual with whom Plaintiff Sarah Watson is in privity as spouse. Doc. 24 at 2, 4. Defendant Peck also argues the Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine. *Id.* at 5. Plaintiffs do not respond to Defendant Peck's arguments and instead contend the motion should be stricken for lack of service upon Plaintiffs. Doc. 27 at 1-3.

#### A. Service of the Motion to Dismiss.

Plaintiffs argue Defendant Peck failed to serve the 12(b)(6) motion on Plaintiffs as mandated by Federal Rule of Civil Procedure Rule 5 and due process. Doc. 27 at 2. Defendant Peck argues that striking the motion is an improper remedy under Arizona Rule of Civil Procedure 12(f),[3] and that because Plaintiffs' response to the motion confirms their receipt of it, no action by the Court should be taken. Doc. 30 at 2.

Under Rule 5, a motion "must be served on every party." Fed. R. Civ. P. 5(a)(1)(D). Service may be achieved through mailing, and a paper is considered served upon being mailed, irrespective of whether the document is received. *See* Fed. R. Civ. P. 5(b)(2)(C); *S. California Darts Ass'n v. Zaffina*, 762 F.3d 921, 928 (9th Cir. 2014).

While the only evidence that the 12(b)(6) motion was served on Plaintiffs is the inclusion of their address under the title "Mailer" on the last page of the motion, *see* Doc. 24 at 8, Plaintiffs ultimately responded to the motion on the merits. *See* Doc. 27. Thus, Plaintiffs were not prejudiced by Defendant Peck's apparent noncompliance with Rule 5. Importantly, while noncompliance with Rule 5 typically may be overcome only by a showing of "exceptional good cause," *Magnuson v. Video Yesteryear*, 85 F.3d 1424,

---

[3] The Court notes that Federal Rule of Civil Procedure 12(f) governs the motion.

1431 (9th Cir. 1996), central to the Federal Rules of Civil Procedure is the instruction that they "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.[4]  Denying Defendant Peck's 12(b)(6) motion to achieve strict compliance with Rule 5 would be inconsistent with Rule 1 given the lack of prejudice and complete briefing.

Plaintiffs also claim Defendant Peck's failure to serve the motion constituted a due process violation. Doc. 27 at 2. "Due process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010). Plaintiffs' response to the motion shows they received notice of it, and a failure to serve does not rise to a due process violation when the recipient-party receives actual notice. *Id.*[5]

### B. Res Judicata.

Because Plaintiffs failed to respond to Defendant Peck's argument concerning the application of res judicata, the Court can consider the argument waived. *See Fiori v. Peoria Police Dep't*, No. CV-19-03074-PHX-DJH, 2020 WL 95436, at *1 (D. Ariz. Jan. 8, 2020) ("The Court may construe Plaintiff's failure to respond to all of Defendants' arguments as consent to granting the Motion to Dismiss on those grounds."). Nonetheless, the Court addresses the merits of Defendant Peck's res judicata argument.

Dismissal under the doctrine of res judicata is appropriate under a 12(b)(6) motion

---

[4] Further, the Court independently notes that under Local Rule 12.1, a 12(b)(6) motion must contain certification that prior to filing, the movant conferred with the non-movant to attempt a curative amendment. LRCiv 12.1. "A motion that does not contain the required certification may be stricken summarily." *Id.* Defendant Peck's 12(b)(6) motion provides no such certification. *See* Doc. 24. But considering conferral would be futile due to the applicability of res judicata and the Rooker-Fledman doctrine, and Plaintiffs were not prejudiced where they responded to the merits, the Court declines to strike the 12(b)(6) motion based on noncompliance with the local rule.

[5] Plaintiffs further argue that Defendant Peck's failure to serve a notice of appearance violated Arizona Rule of Professional Conduct 3.3 and 3.5, which collectively instruct candor, impartiality, and decorum toward the tribunal. Doc. 27 at 3. But the local rules do not mandate the filing of a notice of appearance and instruct only that "no attorney shall appear in any action or file anything in any action without first appearing as counsel of record." LRCiv 83.3(a). Defense counsel appeared as counsel of record through the motion to dismiss. *See* Doc. 24 at 1.

when "the defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). A subsequent suit is barred when the earlier suit "(1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (citation omitted).

The Court need not consider whether Plaintiffs' claim for declaratory relief is barred by res judicata because such relief is a remedy, not a cognizable legal theory.[6] *See Ramos v. Chase Home Fin.*, 810 F. Supp. 2d 1125, 1132 (D. Haw. 2011) (finding a claim for declaratory relief "fail[ed] to state claims upon which relief [could] be granted because the claims [were] remedies, not independent causes of action"); *Ballard v. Chase Bank USA, NA*, No. 10CV790 L POR, 2010 WL 5114952, at *8 (S.D. Cal. Dec. 9, 2010) ("A claim for declaratory relief 'rises or falls with [the] other claims.'" (citation omitted)).

Turning to the Plaintiffs' claim of unjust enrichment, the state suit brought the same claim. *See* Docs. 12 at 5-6, 24-1 at 5.[7] And while Plaintiffs argue the settlement agreement was not a valid final judgment because Defendants never made payment as ordered, Doc. 27 at 2, the appellate record shows the contrary – Defendants made payment and the order was affirmed on appeal. Doc. 24-6 at 3-6. The state suit also involved parties who were identical or in privity, where Plaintiff Sarah Watson is the spouse of Plaintiff Eric Watson. *See Yang v. Fund Mgmt. Int'l, LLC*, 847 F. App'x 419, 421 (9th Cir. 2021) ("[S]pouses are in privity with each other where the cause of action in the prior litigation was 'community in nature' and the 'proceeds of any judgment that might have been recovered . . . would have belonged to both husband and wife, as community property.'" (citation omitted)).

In addition, where the earlier suit was dismissed under a settlement agreement, the

---

[6] The Court notes that the grounds for declaratory relief differs between the lawsuits, where the state suit relies on the initial purported breach of land sale contract and the federal suit relies on the purported breach of the settlement agreement. *See* Docs. 24-1 at 6, 12 ¶ 29. This discrepancy is immaterial given declaratory relief is a remedy, not a cognizable claim.

[7] Both suits argued Defendants were unjustly enriched by receiving rental income from the Property. *Id.*

- 5 -

intent of the parties to the agreement governs its preclusive effect. *Wojciechowski v. Kohlberg Ventures, LLC*, 923 F.3d 685, 689 (9th Cir. 2019). The Court must "attempt to effectuate the parties' intent" in the settlement. *Id.* at 690.

The record surrounding the state-court settlement conference reflects the settlement terms – Defendants would pay Plaintiff $13,000 in return for title to the Property. Docs. 24-2 at 2, 24-3 at 3. The settlement resolved the state case, and Plaintiffs' unjust enrichment claim was part of that case. The unjust enrichment claim in this Court is therefore barred by res judicata.

The same is not true for Plaintiffs' breach of contract claim. It arises from an alleged breach of the settlement agreement. Doc. 12 ¶ 25.[8] It was not asserted in the state case, was not litigated there for purposes of traditional res judicata factors, and could not have been contemplated by the parties' settlement agreement. It is not barred by res judicata.

### C. Rooker-Feldman Doctrine.

Defendant Peck separately contends that the Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine, which instructs that "federal district courts do not have jurisdiction to hear de facto appeals from state court judgments." *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). Specifically, "[a] suit brought in federal district court is a 'de facto appeal' forbidden by Rooker–Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" *Id.* at 1050 (citation omitted). "Alternatively, a federal action may constitute a de facto appeal where 'claims raised in the federal court action are "inextricably intertwined" with the state court's decision such that the adjudication of the federal claims would undercut the state ruling.'" *Marcussen v. Sebelius*, No. CV 12-01695-PHX-FJM, 2013 WL 526491, at *1 (D. Ariz. Feb. 12, 2013), *aff'd* (Feb. 24, 2014) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir.2003)).

Plaintiffs' breach of contract claim argues that Defendants failed to comply with the order enforcing the state-court settlement agreement. Doc. 12 at 5. The Arizona Court of

---

[8] Specifically, Plaintiffs allege Defendants breached the settlement agreement by not paying the sum of $13,000 to Plaintiffs in compliance with the state court's order. *Id.*

- 6 -

Appeals found, however, that Defendants had made "multiple unsuccessful attempts to pay [Plaintiff] in accordance with the settlement agreement" and thereafter "moved for leave to deposit their payment in trust" with the state court. Doc. 24-6 at 3. The record further reflects those payments were paid in trust. *See* Doc. 24-5 at 2. Because it would undercut the Court of Appeals' ruling to allow Plaintiffs to litigate Defendants' compliance with the settlement agreement in this Court, Plaintiffs' breach of contract claim is barred by the Rooker-Feldman doctrine.[9]

### D. Failure to Serve Defendant Boatman.

The Court's earlier order required Plaintiffs to show cause why Defendant Boatman should not be dismissed for failure of service. Doc. 26. Plaintiffs contend that while Defendant Peck was being served Defendant Boatman "was seen and heard behind the partially open door" but "refused to come forward," and that this constitutes evasion of service permitting service under Arizona Rule of Civil Procedure 4.1(k). Doc. 27 at 1-3.

Rule 4.1(k) can be invoked when a party is evading service.[10] *See, e.g.*, *BMO Harris Bank, N.A. v. D.R.C. Invs., L.L.C.*, No. CV-13-1692-PHX-LOA, 2013 WL 4804482, at *4 (D. Ariz. Sept. 9, 2013); *Amaya v. Sw. Auto Sales & Fin. LLC*, No. CV-25-02180-PHX-JAT, 2025 WL 2637834, at *3 (D. Ariz. Sept. 12, 2025). But Rule 4.1(k) requires a showing that the methods of service under Rule 4.1 are "impracticable" and the Court's permission to use an alternate method of service. *See* Ariz. R. Civ. P. 4.1(k). Plaintiffs have neither demonstrated impracticability nor sought the Court's permission to use Rule 4.1(k). The Court will dismiss the claims against Defendant Boatman without prejudice under Rule 4(m).

Plaintiffs and Defendant Peck move for sanctions against each other. Docs. 27 at 4, 30 at 3. The Court does not find either party has conducted itself in a way to warrant

---

[9] Plaintiffs also contend they were prejudiced in the state lawsuit by defects in a motion to withdraw filed by Plaintiff Eric Watson's counsel. Doc. 27 at 3. But alleged defects in the state-court case should have been raised with the state court. The Court sees no basis for its intrusion into the state-court procedures.

[10] Invoking the service of process rules of the state where the court sits is permitted under Fed. R. Civ. P. 4(e)(1).

sanctions under 28 U.S.C. § 1927. *See In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) ("Section 1927 sanctions must be supported by a finding of subjective bad faith. Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." (citation modified)). The Court declines to impose sanctions on either party.

**IT IS ORDERED:**

1. Defendant Peck's motion to dismiss (Doc. 24) is **granted**.

2. All claims against Defendant Boatman are **dismissed** without prejudice.

Dated this 23rd day of October, 2025.

*David G. Campbell*
David G. Campbell
Senior United States District Judge